UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY TODD PELL,

    Petitioner,

                                      CASE NO. 05-CV-73990-DT
v.                                  HONORABLE GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Harvey Todd Pell, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney David J. Kramer, petitioner challenges his conviction and sentence for first-degree premeditated murder, M.C.L.A. 750.316. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above charge following a jury trial in the Montcalm County Circuit Court. Petitioner's counsel has provided a detailed statement of facts in his petition for writ of habeas corpus. Respondent has likewise provided a detailed factual summary of the case. Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See*

1

*Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner was charged with murdering Mindy Jo Cummins at a trailer where petitioner was living around 4:30 a.m. on August 19, 2001. The victim was the mother of petitioner's child and had recently broken off the relationship with petitioner. Petitioner had told several persons that he was angry with the victim because she refused him visitation with their son, had consumed illegal drugs in front of their child, and was jealous of the fact that she was dating other men. Petitioner had told several persons that he wanted the victim dead and would stab her, or "gut her like a deer," or that he would "kill the bitch." These threats were made for about a year prior to the murder up to just an hour or so before the victim was killed.

On the evening prior to the murder, petitioner got into a verbal altercation with the victim outside of a bar. At about 3:00 a.m., petitioner called the sheriff's department to report that the victim was at a party smoking marijuana in front of their son. Around this same time, petitioner told Penny Rowley repeatedly that he wanted to kill the victim.

Subsequent to the murder, petitioner showed up at Wade Rowley's house and told him that he killed the victim the night before by stabbing her in the head with a screwdriver and jumping on her head and chest. Petitioner also told Rowley that the victim had come inside of his trailer and attacked him and that he did not know it was her until she was already dead. Petitioner asked Rowley to

2

help him move the body, because he "didn't want to go to jail."

Police ultimately went to petitioner's trailer, where they found the victim's body inside. After his arrest, petitioner made several statements to the police. In these statements, petitioner indicated that he was awakened when he was attacked and struck in the right eye. Petitioner got up swinging, striking his assailant 10-15 times in the face. Petitioner then grabbed a screwdriver, managed to get his assailant out of the trailer and stabbed her twice, once in the eye and once in the chest. It was only after he had stabbed his assailant that petitioner realized that this was his ex-girlfriend. In a second statement to the police, petitioner elaborated that it was pitch black at the time that he was attacked. Petitioner also told the police that he had been robbed at night previously and thought that he was being assaulted by some teens that he had ripped off in a drug deal the previous day. In this second statement, petitioner also informed the police that he dragged the victim back into his trailer after stabbing her and fell asleep next to her. Petitioner admitted that he later had sexual intercourse with the victim after killing her. Petitioner later sent a letter to one of the detectives, in which he indicated that he was going to kill himself.

The autopsy revealed that the victim had several facial lacerations and bruises, a broken nose, and stab wounds in the chin area. There were at least 8 blunt force injuries to the victim's face and head. There was also a stab wound to the upper left chest, and various other abrasions and bruises on her legs and

3

hands. The autopsy also revealed closed head injuries which required significant force to inflict and which could have been fatal. Signs of a choking injury were found on the neck. The chest wound damaged the lung and caused bleeding that also could have been fatal. The victim's blood alcohol content was .19. The forensic pathologist opined that the victim died from blunt injury to the head in combination with the stab wound to the chest and the manner of death was homicide.

Petitioner's conviction was affirmed on appeal. *People v. Pell,* No. 242272 (Mich.Ct.App. January 15, 2004); *lv. den.* 471 Mich. 866, 683 N.W.2d 675 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The Court should grant Pell's petition for a writ of habeas corpus because he is incarcerated pursuant to a conviction obtained after a trial during which his Sixth and Fourteenth Amendment rights were violated, and the violations were not harmless.
>
> II. Failing to object to irrelevant, highly prejudicial evidence constitutes ineffective assistance of counsel.
>
> III. The violation of Pell's Sixth and Fourteenth Amendment rights were not harmless beyond a reasonable doubt.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A.  Claim # 1.  The jury instruction claims.**

In his first claim, petitioner contends that the trial court violated his constitutional right to present a defense by refusing to give the jury an instruction on the right to use deadly force in self-defense, C.J.I. 2d 7.15, as well as failing to give the jury C.J.I. 2d 7.17, which indicates that a person who is assaulted in his own home does not have a duty to retreat or get away but may "stand his

5

ground and resist the intrusion."

The Michigan Court of Appeals rejected petitioner's claim, finding that the evidence was insufficient to support the assertion that petitioner reasonably believed that his life was in imminent danger at the time he stabbed and killed the victim, in light of petitioner's statement to the police that the victim was knocked through the door and outside of the trailer, and that petitioner proceeded to exit the trailer and stab the victim to death. *Pell,* Slip. Op. at * 2. The Michigan Court of Appeals further found that there was no evidence showing that it was necessary for petitioner to exit his trailer and stab the victim, in light of the fact that petitioner had repulsed the alleged assault and forced the victim outside. *Id.* The Michigan Court of Appeals likewise rejected petitioner's related claim that he was entitled to an instruction that he had no duty to retreat prior to employing deadly force, in light of the fact that petitioner did not use deadly force until the victim was outside of his trailer and under Michigan law, the "castle doctrine" applies only to acts of self-defense which take place inside of a dwelling, not outside of the home. *Id.* at * 2-3 (internal citations omitted).

A defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "[A] necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless

6

were a trial court completely free to ignore that defense when giving instructions." *See Taylor v. Withrow,* 288 F. 3d 846, 852 (6th Cir. 2002). A defendant is therefore entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). A state trial court's failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the Due Process Clause. *Taylor,* 288 F. 3d at 851.

Under Michigan law, one acts lawfully in self-defense if he or she honestly and reasonably believes that he or she is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, fn. 1 (6th Cir. 1999)(citing to *People v. Heflin*, 434 Mich. 482; 456 N. W. 2d 10 (1990)). To be lawful self-defense, the evidence must show that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002)(citing *People v. Barker*, 437 Mich. 161, 165; 468 N.W. 2d 492 (1991); *People v. Kemp*, 202 Mich. App. 318, 322; 508 N.W.2d 184 (1993);

*People v. Deason*, 148 Mich. App. 27, 31; 384 N.W.2d 72 (1985)). Under Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself. *Johnigan,* 207 F. Supp. 2d at 609 *(citing Kemp*, 202 Mich. App. at 322). "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Johnigan,* 207 F. Supp. 2d at 609 (internal citation omitted).

In the present case, the trial court's refusal to instruct the jury on the defense of self-defense did not deprive petitioner of a fair trial, because there was insufficient evidence presented at trial to support the giving of such an instruction. As the Michigan Court of Appeals indicated in their opinion, petitioner's own statement to the police indicated that after being hit in the face, he got up and reacted with force as the victim was going out of the door. After knocking the victim out the door, petitioner followed the victim outside of the trailer, where he proceeded to stab her to death. The evidence failed to show that petitioner was in imminent danger of death or great bodily harm when he stabbed the victim or that he used only the force necessary to repel the victim's alleged assault.

Moreover, other evidence presented at trial undercuts petitioner's story to the police that the victim attacked him in his trailer, so as to justify a self-defense

theory. Numerous witnesses testified about a number of statements made by petitioner that he wanted to stab or kill the victim. The last such statement was made at 3:00 a.m., only one and a half hours prior to the stabbing. Moreover, the extent and the severity of the injuries inflicted upon the victim by petitioner calls into question petitioner's claim that the stabbing was in self-defense. Finally, petitioner's behavior after the stabbing, including an act of necrophilia and attempts to conceal the murder, did not support his assertions of self-defense.

Because there was no evidence to support petitioner's self-defense claim, the trial court's failure to give instructions on the defense of self-defense or the no duty to retreat did not deprive petitioner of his constitutional right to due process. *Allen v. Morris,* 845 F. 2d 610, 616-17 (6th Cir. 1988); *Melchior v. Jago,* 723 F. 2d 486, 493-94 (6th Cir. 1983).

To the extent that petitioner contends that the Michigan Court of Appeals erred in failing to extend the "castle doctrine" or the no duty to retreat rule to his case, petitioner would not be entitled to habeas relief on his claim. State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." *See Lakin v. Stine,* 80 Fed. Appx. 368, 373 (6th Cir. 2003)(internal citations omitted). The circumstances under

9

which a criminal defense may be asserted is thus a question of state law. *Id.*

Under Michigan law, the "castle doctrine", which states that a defendant need not retreat, but may use deadly force in self-defense, when attacked in his dwelling, does not extend to outlying areas within the curtilage of the home. *People v. Riddle,* 467 Mich. 116, 140; 649 N.W. 2d 30 (2002). Instead, the doctrine is limited in application to the home and its attached appurtenances. *Id.* Because petitioner was outside of his trailer at the time of the stabbing, he would not have been entitled under Michigan law to the no-retreat instruction. Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The ineffective assistance of counsel claims.

Petitioner next contends that he was deprived of the effective assistance of trial counsel. To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that counsel was ineffective for failing to object to the introduction of petitioner's act of necrophilia with the victim. The Michigan

Court of Appeals rejected this claim, finding that such evidence was admissible pursuant to M.R.E. 404(b). *Pell,* Slip. Op. at * 4-5.  Because the Michigan Court of Appeals determined that such "other acts" evidence was admissible, counsel was not ineffective for failing to object to its admission. *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).

Petitioner next contends that counsel was ineffective for failing to move to suppress petitioner's note to the police, in which he indicated that he was feeling suicidal.  Petitioner claims that this suicidal note should have been excluded pursuant to M.R.E. 403 as being more prejudicial than probative.

The Court notes that this portion of petitioner's claim is unexhausted, because it was never presented to the Michigan courts.  However, a habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c).  Because petitioner's claim lacks merit, in the interests of efficiency and justice, the Court will address petitioner's claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

In this case, it is merely speculative to conclude that the trial court would have excluded petitioner's suicidal note to the police pursuant to M.R.E. 403 had such an objection been made. However, speculation as to what a trial court would have done if presented with a motion to exclude evidence as being more prejudicial than probative "[i]s not equivalent to a showing of prejudice sufficient to undermine confidence in the outcome of the trial." *Garrett v. United States,* 78 F. 3d 1296, 1302 (8th Cir. 1996). Moreover, because of the overwhelming evidence in this case, petitioner was not prejudiced by counsel's failure to object to the admission of this evidence on the ground that it was more prejudicial than probative. *Id.* Finally, because petitioner has failed to show that the suicidal note contained any incriminating information, petitioner is unable to show that he was prejudiced by counsel's failure to seek suppression of the suicidal note. *Cf. State v. Welch,* 368 So. 2d 965, 969 (La. 1979).

Petitioner lastly claims that counsel was ineffective for failing to request the no-duty-to-retreat instruction contained in CJI 7.17. Counsel is not ineffective for failing to request a self-defense instruction where that instruction is not supported by the evidence presented at trial. *See Lujan v. Norwood,* 62 Fed. Appx. 304, 308 (10th Cir. 2003). In light of the fact that the facts in this case did not support the giving of the no-duty-to retreat instruction, counsel was not ineffective for failing to request it. Petitioner is not entitled to habeas relief on his second claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

Dated:  April 2, 2007

<div style="text-align:center">s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 2, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk